IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AARON WIDER, | Case. No. 6:26-cv-347-MC |
| | OPINION & ORDER |
| Plaintiff, | |
| v. | |
| ERIC MYRENE, in his individual and official capacities; and the UNITED STATES OF AMERICA, | |
| Defendants. | |

MCSHANE, Judge:

*Pro se* plaintiff seeks leave to proceed *in forma pauperis* (IFP). ECF No. 1. This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

Plaintiff also seeks "an immediate Temporary Restraining Order (TRO) and a Preliminary Injunction to halt ongoing and unlawful actions by his probation officer." Compl. 1–2, ECF No. 2. A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1 – Opinion & Order

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

Plaintiff's main concern appears to be that his probation officer, Defendant Eric Myrene, believes that Plaintiff is self-employed. Compl. ¶ 16. Plaintiff states he was released from BOP custody in November 2023 and Defendant Myrene was assigned as his probation officer. In Plaintiff's view, he is merely the Trustee of a Trust in which he "manage[s] and safeguard[s] the family's assets . . . and oversee[s] the estate and ensure[s] its proper administration." Compl. ¶ 16. 17. In Plaintiff's view, the trust—i.e., his family's assets—is "not subject to the jurisdiction of the court. I do not have permission for my family to die, and I do not need permission to receive an inheritance." Compl. ¶ 16. 18. Based on the Court's attempts at cobbling together bits and pieces of Plaintiff's complaint, it appears that Defendant Myrene has a different view and, in fact, may believe that Plaintiff's actions warrant finding Plaintiff in violation of the terms of his supervised release.

Regardless, Plaintiff attempts to bring *Bivens* claims against Defendants as well as a Federal Tort Claims Act claim for negligence against the United States. There are several fatal flaws with Plaintiff's Complaint. First, these are issues Plaintiff must raise to the judge supervising Plaintiff in his criminal case. Instead, Plaintiff attempts to turn garden variety supervision disputes into a new federal civil action.

Perhaps more importantly, because Plaintiff's claims do not fall under the three specific contexts recognized by the United States Supreme Court for *Bivens* claims, and because the courts are not better suited than Congress to provide a remedy, Plaintiff's *Bivens* claims necessarily fail. *Harper v. Nedd*, 71 F.4th 1181, 1183 (9th Cir. 2023). As the Ninth Circuit concluded just three years ago, extensions of *Bivens* beyond the three specific contexts previously recognized "are dead on arrival." *Id.* at 1187. Plaintiff's *Bivens* claims, therefore, necessarily fail.

Additionally, Defendant Myrene is subject to absolute prosecutorial and qausi-judicial immunity for his actions taken during Plaintiff's federal supervision. *See Harris v. Neal*, 2024 WL 2884618, at *3 (W.D. Wa. 2024) (noting probation officers are entitled to immunity from "claims challenging their conduct performing prosecutorial and other functions necessarily integral to the judicial process"). There is no doubt that a probation officer's role in supervising a defendant on release is integral to the judicial process.

Additionally, Plaintiff's federal supervision is ongoing. It is possible that the disputes at issue here could lead to revocation of Plaintiff's supervision. If so, Plaintiff's claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff's success here "would necessarily imply the invalidity of his sentence." *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (holding *Heck* barred pro se Plaintiff's claims based on actions Plaintiff's federal probation officer took allegedly outside of the probation officer's authority in supervising Plaintiff). Plaintiff's recourse for disputes regarding supervision must be raised in the ongoing supervision proceedings, not here.

Plaintiffs FTCA claim fares no better. This claim fails because Plaintiff fails to allege that he exhausted this claim by presenting it to the proper agency and receiving a written denial. *Hirano v. Sand Island Treatment Ctr.*, 2021 WL 243437, at *9 (D. Hi. 2021). Leave to amend, however,

3 – Opinion & Order

would be futile because the probation officer's alleged negligent actions taken here are discretionary actions made during the duty to supervise that bar any recovery under the FTCA. *Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003). The discretionary function exception "shields the government from liability where a permissible exercise of policy judgment is exercised by a government employee." *Id.* It may turn out that Plaintiff's interpretation of the facts is more convincing to the supervising judge than the opinion of those same facts by Defendant Myrene. But even assuming that to be the case, the government is entitled to immunity under the FTCA, despite the fact that Defendant Myrene may turn out to be incorrect as to the legal ramifications of Plaintiff's role as Trustee of the relevant trust. In short, Plaintiff has other remedies available regarding his concerns over Defendant Myrene's actions taken during his supervision of Plaintiff. Bringing a civil action against the Defendants, however, is not a remedy available to Plaintiff at this time.

Because Plaintiff fails to state a claim, Plaintiff's application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED, with prejudice. Any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this <u>24th</u> day of February 2026.

<u>    /s/ Michael McShane      </u><br>
Michael McShane<br>
United States District Judge

4 – Opinion & Order